IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 1:07CR24-MEF |
| ) | |
| JERRY DON ARD, JR. ) | |

### MOTION TO DISMISS AND IN THE ALTERNATIVE (I) EXCLUDE EVIDENCE OR (ii) CONTINUE TRIAL (without opposition)

**COMES NOW** Jerry Don Ard, Jr., through and by Kevin L. Butler, and submits the following Motion to Dismiss and in the Alternative Motion to Exclude Evidence or Continue Trial (without opposition). Specifically, the defendant moves to exclude the defendant statement, any tape of the statement and any testimony relating to it based on the untimely production of this discovery.

### Relevant Facts and Procedural History

Mr. Ard is charged with being a felon in possession of a firearm.[1] On April 13, 2007, this Court entered an Order on Arraignment setting forth the discovery deadline in this case. Pursuant to that Order, and this Court's Standard Rule on Discovery, all discovery in this case, including Rule 16, material was due on April 19, 2007. On May 31, 2007, 42 days after the discovery deadline and three days before trial, the defense received an audio tape on which Mr. Ard purportedly makes two confessions to the charged offense. Based upon this untimely production of discovery, the defense moves to dismiss the indictment. In the alternative, the defense moves to exclude the evidence and any testimony related to the taking of the confession at trial. If the court determines the tape is essential for the government's prosecution, the defense requests (without opposition) that this case

---

[1] Defendant is presently in state custody serving a 22 year sentence for the same offense conduct. His end of service date is in 2010.

be continued until after the July 9, 2007 trial term.[2]

## Discussion

The eleventh hour and late production of this material is in clear violation of this Court's Arraignment Order, Standing Order on Criminal Discovery and Rule 16 of Federal Rules of Criminal Procedure. As a result of this untimely production, Mr. Ard's right to due process and fair trial right has been severely limited. One business day before trial, the defense has had to completely reevaluate its case strategy and assess the impact of the untimely discovery which has been provided approximately one year after it was produced, one and one half months after it was due and one business day before trial.

Pursuant to Fed. R. Crim. P. 16(a)(1)(A), " ... the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial." Fed. R. Crim. P. 16(a)(1)(B) further provides, " ... the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following: (i) any relevant written or recorded statement by the defendant if: the statement is within the government's possession, custody or control; and the attorney for the government knows - or through due diligence could know - that the statement exists. This Court's February 4, 1999, Standing Order on Criminal Discovery further mandates the defense is not required to make a specific request for these materials and the government is required after arraignment to deliver to defense counsel of all material within the scope of Federal Rule of Criminal Procedure 16(a).

---

[2] The government does oppose a July 9, 2007 trial setting, based upon the government's current trial schedule and the potential that government counsel will be unavailable.

2

Federal Rule of Criminal Procedure 16(d) addresses the issue of a party's failure to comply with a discovery request. It says, in pertinent part, that "[i]f a party fails to comply with this rule, the court may: (A) order that party to permit the discovery or inspection, . . . or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). The court sanction, in certain circumstances, may take the form of an Order of Dismissal. *United States v. White*, 846 F.2d 678 (11th Cir.1998). Furthermore, the district court's decision concerning the imposition of a Rule 16(d)(2) sanction is a matter committed to the court's sound discretion, and will not be disturbed on appeal absence an abuse of discretion. *United States v. Fernandez*, 780 F.2d 1573, 1576 (11th Cir. 1986).

In formulating the appropriate sanction against the Government for discovery violations, the court must look at: (1) the circumstances surrounding the discovery violation, (2) whether the Government was acting in good faith, (3) the prejudice suffered by the defendant and (4) the feasibility of curing the prejudice through some form of sanction. *United States v. Turner*, 871 F.2d 1574, 1580. (11th Cir. 1989). After reviewing these factors the court may order dismissal of the indictment if it deems the circumstances warrant it. *United States v. White*, 846 F.2d 678, 693 (11th Cir.1998).

The discovery materials that were provided at the 11th hour in this case have been within the possession, custody or control of the Government for almost one year.[3] Because undersigned counsel did not receive the discovery in a timely manner, he cannot (1) effectively represent and communicate with his client, (2) perform his duty as an officer of the court, (3) adequately prepare

---

[3] It is undersigned counsel's belief that government counsel provided the tape as soon as it was provided to him by his case agent. However, government counsel's good faith does not excuse or justify the case agent's misconduct.

for trial and formulate case strategy.[4] The Government without justification withheld this evidence. Prejudice to Mr. Ard's right to a fair trial and due process has ensued, because he cannot prepare a defense strategy and adequately advise client of evidence against him.

The Government has made the decision to pursue criminal charges against Mr. Ard. It is, therefore, their burden and their responsibility to comply with the rules and law that govern their prosecution. Their failure to provide defense counsel with Mr. Ard's statement(s) has unconstitutionally restricted his due process rights and his right to a fair. Therefore, dismissal of the indictment is the appropriate sanction in this case. In the alternative, the defense asks either (I) the statement and any evidence (including testimony) related to the taking of Mr. Ard's statement be excluded or (ii) the case be continued until after the July 9, 2007 trial term. Given the fact Mr. Ard is presently serving a substantial state sentence this continuance will not be prejudicial.

Dated this 1st day of June 2007.

        Respectfully submitted,

        s/ Kevin L. Butler
        KEVIN L. BUTLER
        First Assistant Federal Defender
        201 Monroe Street, Suite 407
        Montgomery, Alabama 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        E-mail: kevin_butler@fd.org
        AZ Bar Code: 014138

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

---

[4] Had this information been timely provided, this case might not have proceeded to trial in the first place.

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )   Case No.: 1:07CR24-MEF |
| | ) |
| **JERRY DON ARD, JR.** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kent B. Brunson, Esq., Assistant U. S. Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138
