IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cr-024-TMH |
| | ) | (WO) |
| JERRY DON ARD, JR. | ) | |

## **O R D E R**

On June 1, 2007, the defendant filed a Motion to Dismiss and in the Alternative (i) Exclude Evidence or (ii) Continue Trial (without opposition) (Doc. #24). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the Court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161 (c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

A defendant may not waive his or her rights under the Act because "the Act demands that defense continuance requests fit within one of the specific exclusions set out in subsection (h)." *See Zedner v. United States*, 126 S. Ct. 1976, 1985 (2006). Among other exclusions in subsection (h), the Act excludes from the statutory period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

Defendant's Motion (Doc. # 24) states that on May 31, 2007 he was provided a tape on which he allegedly made two confessions. He states that he has had no chance to discuss this tape with counsel and that he will be prejudiced by its admission because he cannot prepare a defense strategy. This Court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweigh the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991) (reasonable time necessary for effective preparation is a factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED as follows:

1. The Motion to Dismiss and in the Alternative (i) Exclude Evidence or (ii) Continue Trial (without opposition) (Doc. #24) is GRANTED to the extent that the trial will be continued. It is DENIED in all other respects.

2. The trial in this case is continued from the June 4, 2007 criminal trial term to the August 6, 2007 criminal trial term.

3. Defendant's Motion in Limine as to Prior Convictions (Doc. # 17) is GRANTED.

4. Defendant's Motion in Limine Concerning Marijuana Found in Mr. Ard's Residence (Doc. # 18) is DENIED as moot.

DONE this 1st day of June, 2007.

/s/ Truman M. Hobbs
SENIOR UNITED STATES DISTRICT JUDGE